IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT H. NESBITT, JR.,

    Plaintiff,                                  No. CIV S-03-2243 MCE DAD P

    vs.

NEIL WAKABAYSHI, et al.,

    Defendants.                            <u>ORDER</u>

_____/

        On June 14, 2005, the court ordered plaintiff to show cause for his failure to file timely opposition to defendants' motions for summary judgment, and to move for leave to file his opposition out of time. On July 1, 2005, the court received plaintiff's document titled "Emergency Motion; Plaintiff's Response to the Courts Order to Show Cause." Although titled a motion, plaintiff's filing consists solely of a declaration in which plaintiff refers to a declaration previously submitted concerning his difficulties in obtaining copies of documents.

        Plaintiff's previous declaration, apparently delivered to jail officials for mailing on June 10, 2005, was not received by the court until June 16, 2005, two days after the court issued the order to show cause. The declaration received on June 16, 2005, does not include a request for extension of time or a motion for leave to file opposition out of time. It appears from both declarations that plaintiff became aware that he would be unable to file his opposition

timely yet did not request an extension of time on or before the May 20, 2005 deadline for filing opposition to the Davis and Marsh motions, or on or before the May 27, 2005 deadline for filing opposition to the Cueva, Putnam, Johnson, Gray, Eakin, and Cathleen Bidou motions.

The court finds that plaintiff has not shown good cause for his failure to request extensions of time in a timely manner. In light of plaintiff's pro se status and incarceration, the court will construe plaintiff's latest declaration as a motion for leave to file opposition out of time and will grant the motion. The court will consider plaintiff's untimely opposition but cautions plaintiff that in the future he will be expected to seek an extension of time as soon as the need for one is evident and to do so prior to the expiration of a deadline unless circumstances make it impossible to request an extension of time in a timely manner, in which case plaintiff will be expected to file a proper Rule 6 motion for leave to act out of time.

The court has reviewed all documents submitted by plaintiff in opposition to the eleven pending motions for summary judgment. The court has not received any documents in opposition to the motions for summary judgment filed by defendants Putnam and Johnson. It appears that plaintiff's opposition to these motions was served on defendants' counsel, because defendants Putnam and Johnson filed replies to plaintiff's opposition on June 16, 2005, and defendant Johnson joined in objections to plaintiff's evidence filed by multiple defendants on June 20, 2005. The court cannot consider opposition that is not on file. Plaintiff will be granted ten court days to submit exact duplicates of his opposition to the Putnam and Johnson motions. Upon the filing of these copies, the briefing of all eleven motions will be closed and the motions will be submitted for decision.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's July 1, 2005 emergency motion, docketed as #416, is granted;

2. The court's June 14, 2005 order to show cause, docketed as #359, is discharged, and plaintiff's untimely opposition to defendants' motions for summary judgment will be considered by the court ; and

3.  Within ten court days after this order is signed, plaintiff shall file copies of all documents previously served in opposition to the motions for summary judgment motions filed by defendants Putnam and Johnson.

DATED: July 8, 2005.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
nesb2243.dch