1

2

3

4

5

6

7

8                           IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT H. NESBITT, JR.,

11            Plaintiff,                        No. CIV S-03-2243 MCE DAD P

12        vs.

13   NEIL WAKABAYASHI, et al.,

14            Defendants.                       ORDER

15   _____/

16            On October 11, 2005, plaintiff was ordered to show cause for his failure to file

17   and serve his pretrial statement on or before September 30, 2005, as required by the court's order

18   filed March 21, 2005.  On October 14, 2005, the court received plaintiff's untimely and deficient

19   pretrial statement.  Plaintiff subsequently filed a response to the order to show cause.

20            Plaintiff asserts that he filed his pretrial statement by placing it in the mail on

21   October 10, 2005, pursuant to his understanding of Local Rule 16-281(a)(1) and the court's order

22   and findings and recommendations filed August 17, 2005.  Plaintiff declares that he believed that

23   "'not less than ten (10) court days prior to the date set by the court for holding of the final pre-

24   trial conference,'" he was required to "'personally serve and file in duplicate a pre-trial

25   statement.'"  Plaintiff states that many of his legal papers, including his copy of the court's

26   March 21, 2005 order, have been stored.

1    Defendants contend that plaintiff has not shown good cause why sanctions should

2  not be imposed for his failure to timely file his pretrial statement.  Defendants point out that

3  plaintiff's pretrial statement was late even under the requirements of Local Rule 16-281(a)(1).

4  Defendants request that, if the court is not inclined to dismiss this case as a sanction, the court

5  instead sanction plaintiff by postponing trial until plaintiff has been sentenced and transferred to

6  a penal institution.  Defendants indicate that plaintiff is scheduled to appear in state court for

7  sentencing on December 6, 2005.

8    A scheduling order was issued in this action on June 10, 2004.  That order has not

9  been vacated and remains in effect except as expressly modified by subsequent orders.  On

10 March 21, 2005, the court filed an order that moved jury trial to January 18, 2006, and pretrial

11 conference to October 21, 2005.  Plaintiff was ordered to file and serve his pretrial statement on

12 or before September 30, 2005.  Pursuant to the initial scheduling order, any motions for

13 attendance of witnesses at trial were to be filed with plaintiff's pretrial statement.  The August

14 17, 2005 order and findings and recommendations cited by plaintiff did not set any dates but

15 merely noted the fact that pretrial conference was set for October 21, 2005.

16    Plaintiff  indicates that he stored old legal paperwork and kept in his possession

17 only the papers he felt would be pertinent.  Plaintiff erred in failing to perceive the pertinence of

18 the June 10, 2004 scheduling order and the March 21, 2005 order modifying the scheduling

19 order.  Plaintiff also erred in calculating the due date of his pretrial statement pursuant to the rule

20 he believed to be applicable.  Local Rule 16-281(a) provides that a pretrial statement served by

21 any means other than personal delivery must be served no later than thirteen court days and filed

22 no later than ten court days prior to the pretrial conference.  The term "court days" refers to days

23 on which the court is open and does not include Saturdays, Sundays, and holidays; October 10,

24 2005, was a federal holiday.  See Fed. R. Civ. P. 6(a).  In order to comply with Local Rule 16-

25 281(a) for a pretrial conference set for October 21, 2005, plaintiff would have been required to

26 serve his pretrial statement by placing it in the mail to defendants' counsel on or before October

3, 2005, and, pursuant to the prisoner mailbox rule, to file the pretrial statement with the court by delivering it to jail officials for mailing on or before October 6, 2005.  Plaintiff's proof of service reflects that his pretrial statement was placed in the mail to the court and defendants' counsel on October 10, 2005.

Despite plaintiff's errors in judgment and computation, the court finds it inappropriate to recommend that this action be dismissed as a sanction.  Upon consideration of plaintiff's response to the order to show cause, as well as plaintiff's pro se status and the conditions of his confinement, the undersigned will discharge the order to show cause and permit plaintiff to proceed.  Plaintiff will be required to file and serve an amended pretrial statement, and new dates will be set for defendants' pretrial statement and for pretrial conference.  Trial will be postponed.

Plaintiff is advised that the undersigned will issue a Pretrial Order based on the information provided by the parties in their pretrial statements.  The Pretrial Order will supersede the parties' pleadings and will encompass, among other matters, all claims and factual issues to be resolved at trial, all relief that may be obtained by any party, all witnesses who may be called at trial, all exhibits that may be offered at trial, and all discovery documents that may be used at trial.  The Pretrial Order will set deadlines for exchanging exhibits, for objecting to exhibits, and for filing trial briefs, proposed voir dire questions, proposed jury instructions, and motions in limine.  Some deadlines will be set in terms of court days, while others will be set in terms of calendar days.  Plaintiff is cautioned that failure to calculate deadlines correctly and comply with them may have serious consequences.

Turning to plaintiff's untimely pretrial statement, the court finds the document to be deficient in several respects.  By the scheduling order, plaintiff was informed that he must be prepared, at the time of trial, to introduce evidence to prove each of the alleged facts that support the claims raised in his lawsuit.  Plaintiff was advised that it is his responsibility to produce all of the evidence needed to prove his case.  Plaintiff's pretrial statement should list all undisputed

3

1   facts relevant to his remaining claims and all disputed factual issues that must be proved by

2   testimony or exhibits in order to persuade the jury that each remaining defendant violated

3   plaintiff's rights.  Plaintiff's brief narrative of undisputed facts and slightly longer narrative of

4   disputed factual issues do not appear to include all facts required to support the claims raised in

5   this lawsuit.  Plaintiff must file an amended pretrial statement in which he enumerates each

6   undisputed fact and each disputed factual issue.[1]

7               Plaintiff's pretrial statement is also deficient with regard to witnesses.  The court's

8   scheduling order informed plaintiff that if he wants to call witnesses to testify at trial he must

9   follow the procedures set forth in the scheduling order.  Plaintiff was provided with three pages

10  of information concerning the procedures for obtaining attendance of incarcerated witnesses who

11  agree to testify voluntarily, incarcerated witnesses who do not agree to testify voluntarily,

12  unincarcerated witnesses who agree to testify voluntarily, and unincarcerated witnesses who do

13  not agree to testify voluntarily.  Plaintiff was directed to file and serve his pretrial statement with

14  any motions necessary to obtain the attendance of witnesses at trial.  Plaintiff's pretrial statement

15  lists nine inmate witnesses and indicates that the addresses for seven are unknown.  Plaintiff did

16  not file a motion for attendance of these witnesses at trial.  Plaintiff's amended pretrial statement

17  must be accompanied by a motion for attendance of incarcerated witnesses at trial.  Plaintiff must

18  provide the declarations required by the scheduling order.  The court cannot issue a writ of

19  habeas corpus ad testificandum for an incarcerated witness whose address is unknown.  Plaintiff

20  also lists eleven guards and thirteen "others" who are not incarcerated witnesses.  As explained in

21  the scheduling order, plaintiff must make his own arrangements with unincarcerated witnesses

22  who are willing to testify voluntarily, and plaintiff must submit a subpoena for service on each

23  unincarcerated witness who is not willing to testify voluntarily.  Plaintiff is advised that the

24

25      [1] It may be helpful to phrase disputed factual issues in this manner:  (1) whether Cathleen
     Bidou had an argument with inmate Robinson on [date]; (2) whether Cathleen Bidou told inmate
26  Robinson on [date] that she would send Matt Bidou to take care of him that night; etc.

1   United States Marshal cannot serve a subpoena on a witness whose address is unknown.  Plaintiff

2   is not required to subpoena the defendants and may list them as witnesses he intends to call.

3              Finally, plaintiff's pretrial statement includes various requests and motions.

4   Discovery is closed, as is the time for filing pretrial motions not related to trial.  Plaintiff's

5   speculation about defendants' witnesses and exhibits is premature, as defendants have not yet

6   filed a pretrial statement.  Any motion that may be properly made at this time must be filed and

7   served as a separate document supported by a memorandum of points and authorities and

8   appropriate evidence that demonstrates the appropriateness of bringing the motion at this time.

9   Motions and requests included in the amended pretrial statement will be denied or disregarded.

10             Accordingly, IT IS HEREBY ORDERED that:

11             1.  The court's October 11, 2005 order to show cause is discharged;

12             2.  Plaintiff shall file and serve an amended pretrial statement, along with any

13   motions necessary to obtain the attendance of witnesses at trial, on or before March 3, 2006;

14             3.  Defendants shall file and serve their pretrial statement on or before March 17,

15   2006;

16             4.  Pretrial conference (as described in Local Rule 16-282) is re-set for March 24,

17   2006, before the magistrate judge; and

18             5.  Jury trial before the Honorable Morrison C. England, Jr. on January 18, 2006,

19   is vacated and will be re-set in the pretrial order.

20   DATED: November 14, 2005.

21

22   _____
     DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

23   DAD:13
     nesb2243.oscdch

24

25

26

5