IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT H. NESBITT JR.,

    Plaintiff,                          No.  CIV S-03-2243 MCE DAD P

vs.

NEIL WAKABAYSHI, et al.,

    Defendants.                      <u>ORDER</u>

          On April 20, 2006, this action was dismissed with prejudice due to plaintiff's failure to file a timely pretrial statement for the second time.  On April 30, 2007, plaintiff filed a motion based on Rule 60(b) of the Federal Rules of Civil Procedure.  This rule provides:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (the judgment has been satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment.

          In his motion, plaintiff claims that "defendants knowingly set in motion a plan to prevent, and hamper plaintiff from prosecuting his case, and that their actions helped influence the

1

court's decision to dismiss plaintiff's case thus entitling plaintiff relief from judgment." Specifically, plaintiff argues that, under Rule 60(b)(3) and Rule 60(b)(6), he is entitled to relief.

Plaintiff's motion fails to show that either Rule 60(b)(3) or Rule 60(b)(6) entitle him to relief in this case. Plaintiff alleges that, on December 23, 2005, while still housed at the Solano County Jail, he was called to the officers' desk by Officer Baily. Plaintiff was immediately placed in handcuffs and told he was being transported to San Quentin State Prison. Plaintiff requested time to pack his personal and legal property, but he was told that officers would pack his property for him and that his belongings would be transferred to San Quentin.

On December 29, 2005, plaintiff's housing section was involved in a riot, causing his housing section to be placed on lock down until March 2006. Plaintiff alleges that he repeatedly asked correctional officers about his property. Around the same time, plaintiff learned from his family that they had received plaintiff's personal and legal property from Solano County Jail. In April 2006, plaintiff received from his family his civil case number and immediately began drafting his notice of change of address. Before plaintiff could mail the document, he was transferred to Pelican Bay State Prison. Upon arrival, his belongings were taken from him and he was told he was not allowed to access the law library unless he could prove he had a pending court date. On May 12, 2006, after having received his personal and legal property, plaintiff mailed an emergency declaration and a notice of change of address to the court.

Plaintiff's motion fails to demonstrate that he is entitled to relief under Rule 60(b)(3) or Rule 60(b)(6). He has not shown that defendants engaged in fraud or other misconduct or that there is any other reason to justify relief from the judgment. Fed. R. Civ. P. 60(b). Quite the contrary. Plaintiff's motion demonstrates that he had ample notice and several opportunities to comply with the court's order to file a pretrial statement well before he was transferred to San Quentin. Specifically, by order filed March 21, 2005, the court directed plaintiff to file and serve his pretrial statement on or before September 30, 2005. The pretrial conference was set for October 21, 2005, and a jury trial was scheduled for January 18, 2006.

Due to plaintiff's failure to file a timely pretrial statement, on October 11, 2005, the court vacated the pretrial conference and ordered plaintiff to file a declaration showing good cause for his failure to timely file a his pretrial statement. On October 14, 2005, the court received plaintiff's untimely and deficient pretrial statement. Notwithstanding defendants' requests that the court dismiss this case as a sanction for plaintiff's conduct, the court instead permitted plaintiff to proceed and ordered plaintiff to file and serve a proper amended pretrial statement by March 3, 2006. (Order filed Nov. 15, 2005, at 5.) The court warned plaintiff that "failure to calculate deadlines correctly and comply with them may have serious consequences." (Id. at 3.) Plaintiff once again failed to file a pretrial statement in accordance with this court's order.[1] As a result, the court issued findings and recommendations, recommending that the case be dismissed with prejudice due to plaintiff's failure to prosecute the action.

Plaintiff has failed to demonstrate that he is entitled to relief from the judgment. Given the circumstances set forth above, the court will deny plaintiff's Rule 60(b) motion.

Plaintiff also requests that, in the event that the court denies his Rule 60(b) motion, the court construe his May 17, 2006 notice of change of address as a notice of appeal. Plaintiff's request will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's April 30, 2007 motion for reconsideration is denied; and

2. Plaintiff's April 30, 2007 request to construe his May 17, 2006 notice of change of address as a notice of appeal is denied.

Dated: June 21, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff has never filed a proper pretrial statement as ordered by the assigned magistrate judge.