IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT H. NESBITT JR.,                       No. 2:03-cv-02243-MCE-DAD P

    Plaintiff,

  vs.                                                          ORDER

NEIL WAKABAYSHI, et al.,

    Defendants.

_____/

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. On April 20, 2006, the court dismissed this action with prejudice in light of plaintiff's second failure to file a timely pretrial statement and his failure to prosecute this action. On the same day, the case was closed. On April 30, 2007, plaintiff filed a motion based on Rule 60(b) of the Federal Rules of Civil Procedure. On June 21, 2007, the court denied plaintiff's motion. Plaintiff appealed, and on January 15, 2008, the United States Court of Appeals for the Ninth Circuit affirmed in part and vacated in part this court's order denying plaintiff's Rule 60(b) motion. The Ninth Circuit remanded the case for reconsideration of whether plaintiff is entitled to relief under the catch-all provision of Rule 60(b)(6).

/////

**BACKGROUND**

In his Rule 60(b) motion, plaintiff claimed that the "defendants knowingly set in motion a plan to prevent, and hamper plaintiff from prosecuting his case, and that their actions helped influence the court's decision to dismiss plaintiff's case thus entitling plaintiff relief from judgment." Plaintiff argued that he was entitled to relief under Rule 60(b)(3) and Rule 60(b)(6).

Specifically, plaintiff alleged that, on December 23, 2005, while still housed at the Solano County Jail, Officer Baily called him to the officers' desk. Upon arrival, plaintiff was immediately placed in handcuffs and was told that he was being transferred to San Quentin State Prison. Plaintiff requested time to pack his personal and legal property, but officers told him that they would pack his property for him and that his belongings would transfer to San Quentin with him.

On December 29, 2005, prison officials at San Quentin placed plaintiff's housing section on lockdown following a riot. According to plaintiff, the lockdown lasted through March 2006. During this time, inmates could not access the law library. Plaintiff alleges that he wrote to various family members and friends to contact the jail regarding his property to no avail.

In early March of 2006, plaintiff received a letter from a family member stating that they had received fifteen boxes from the county jail. Plaintiff wrote home and asked his parents to go through the boxes until they came across a case entitled "Nesbitt v. Wakabayshi." He asked them to provide him with the case number as well as address of the court and defense counsel.

After hearing back from his family in the beginning of April, plaintiff began drafting a notice of change of address. However, before he could mail the document to the court, prison officials transferred him to Pelican Bay State Prison. Upon arrival there, plaintiff alleges that prison officials took his belongings and told him that he could not access the law library unless he could prove that he had a pending court deadline, which he could not do because he did not have his legal materials.

///

On May 12, 2006, after receiving his personal and legal property, plaintiff mailed a notice change of address to the court, together with declaration asking the court to vacate any orders it had issued. By this time, however, the court had dismissed plaintiff's action. On April 30, 2007, plaintiff filed his motion based on Rule 60(b).

As noted above, on June 21, 2007, the court denied plaintiff's Rule 60(b) motion. Specifically, the court determined that plaintiff's motion failed to demonstrate that he was entitled to relief under Rule 60(b)(3) or Rule 60(b)(6) because he had not shown that defendants engaged in fraud or other misconduct or that there was any other reason to justify relief from the judgment. To the contrary, plaintiff's motion demonstrated that he had ample notice and several opportunities to comply with the court's order to file a pretrial statement well before he was transferred to San Quentin.

In particular, by order filed March 21, 2005, the court directed plaintiff to file and serve his pretrial statement on or before September 30, 2005. The pretrial conference was set for October 21, 2005, and a jury trial was scheduled for January 18, 2006. Due to plaintiff's failure to file a timely pretrial statement, on October 11, 2005, the court was required to vacate the pretrial conference and order plaintiff to file a declaration showing good cause for his failure to timely file a his pretrial statement. On October 14, 2005, the court received plaintiff's untimely and deficient pretrial statement. Notwithstanding defendants' requests that the court dismiss this case as a sanction for plaintiff's conduct, the court instead permitted plaintiff to proceed and ordered plaintiff to file and serve a proper pretrial statement by March 3, 2006. The court warned plaintiff that "failure to calculate deadlines correctly and comply with them may have serious consequences." Plaintiff once again failed to file a pretrial statement in accordance with this court's order. As a result, the court dismissed this case with prejudice due to plaintiff's second failure to file a timely pretrial statement and his failure to prosecute this action.

///

///

## THE NINTH CIRCUIT'S DECISION

The Ninth Circuit held that this court did not abuse its discretion when it denied plaintiff's motion for relief from judgment pursuant to Rule 60(b)(3) because plaintiff had failed to show clear and convincing evidence of fraud, misrepresentation, or misconduct. However, the court vacated the portion of this court's order denying plaintiff's motion under Rule 60(b)(6). The Ninth Circuit explained that this court denied plaintiff's motion because he had several opportunities to comply with the court's order to file a pretrial statement before he was transferred to San Quentin and failed to do so but that the relevant inquiry was whether plaintiff could have filed his pretrial statement by the court-imposed March 3, 2006, deadline. In the Ninth Circuit's view, plaintiff had alleged that there were circumstances beyond his control that prevented him from doing so. Because Rule 60(b)(6) provides for relief on that basis, the court remanded the case for reconsideration of whether plaintiff was entitled to relief.

## ANALYSIS

Rule 60(b) of the Federal Rules of Civil Procedures provides:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

The Ninth Circuit has cautioned that Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct and erroneous judgment." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008).

///

In this regard, "a party seeking to reopen a case under Rule 60(b)(6) 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion.'" United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005).

As noted above, on November 15, 2005, the assigned magistrate judge in this case ordered plaintiff to file an amended pretrial statement by March 3, 2006. However, a month after the court issued the order, prison officials transferred plaintiff to San Quentin State Prison but failed to transfer his personal and legal property with him. In addition, plaintiff was not able to access the law library because of the lockdown status of his housing unit. As a result, plaintiff did not have the court's address or the case number for this action and was evidently unable to prosecute this matter.

Upon learning the court's address and the case number for this action from family members, plaintiff intended to file a notice of change of address with the court. However, prison officials transferred him again, this time to Pelican Bay State Prison. Upon his arrival there, plaintiff was again without his personal and legal property because prison officials there took his belongings. In addition, plaintiff was again unable to access the law library because he could not demonstrate that he had a pending court deadline. As a result, plaintiff was again unable to prosecute this matter. Upon finally receiving his personal and legal property on May 12, 2006, plaintiff mailed a change of address and declaration to the court, asking the court to vacate any orders it had issued. He subsequently filed his Rule 60(b) motion.

Rule 60(b) is remedial in nature and therefore must be liberally applied. Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1169 (9th Cir. 2002) (en banc). In light of the circumstances of this case, as well as the Ninth Circuit's decision, the court finds that plaintiff is entitled to relief under Rule 60(b)(6) because he encountered circumstances beyond his control that prevented him from diligently prosecuting this action.

///

Accordingly, the court will grant plaintiff's motion under Rule 60(b)(6), direct the Clerk of the Court to re-open this case, and grant plaintiff thirty days to file an amended pretrial statement in accordance with the assigned magistrate judge's November 15, 2005 order.

**CONCLUSION**

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiff's April 30, 2007 Rule 60(b) motion (Doc. No. 493) is granted in part;

2. The Clerk of the Court is directed to re-open this case;

3. Within thirty days of the date of this order, plaintiff shall file and serve an amended pretrial statement, along with any motions necessary to obtain the attendance of witnesses at trial, in accordance with the assigned magistrate judge's November 15, 2005 order. Within thirty days of service of plaintiff's amended pretrial statement, defendants shall file and serve their pretrial statement;

4. Failure to comply with this order will result in a recommendation for dismissal of this action; and

5. This matter is referred back to the assigned magistrate judge for further proceedings.

Dated: April 29, 2009

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE