IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT H. NESBITT JR.,

        Plaintiff,                      No. CIV S-03-2243 MCE DAD P

    vs.

NEIL WAKABAYSHI, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Several motions filed by the parties are pending before the court.

**PROCEDURAL HISTORY**

        On April 20, 2006, the assigned district judge in this case dismissed this action with prejudice in light of plaintiff's second failure to timely file an amended pretrial statement and his failure to prosecute this action. On the same day, the case was closed. On April 30, 2007, plaintiff filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, claiming that he did not have access to his personal and legal property after he was transferred from the Solano County Jail to San Quentin State Prison and then again to Pelican Bay State Prison, and that as a result he was unable to prepare and timely file his amended pretrial statement. On June 21, 2007, the court denied plaintiff's motion. Plaintiff appealed, and on

1

January 15, 2009, the United States Court of Appeals for the Ninth Circuit affirmed in part and vacated in part this court's order denying plaintiff's motion for relief under Rule 60(b). The Ninth Circuit remanded the case for reconsideration of whether plaintiff was entitled to relief under the catch-all provision of Rule 60(b)(6).

Specifically, the Ninth Circuit noted that this court denied plaintiff's motion because he had been provided several opportunities to comply with the court's order to file a pretrial statement before he was transferred from the Solano County Jail to San Quentin State Prison but failed to do so. However, the Ninth Circuit explained that the relevant inquiry was instead whether plaintiff could have filed his pretrial statement by the court-imposed March 3, 2006, deadline. In the Ninth Circuit's view, plaintiff had alleged that there were circumstances beyond his control that prevented him from doing so. Because Rule 60(b)(6) provides for relief on that basis, the Ninth Circuit remanded the case for reconsideration of whether plaintiff was entitled to relief.

On April 30, 2009, this court granted plaintiff's motion pursuant to Rule 60(b)(6) and ordered the Clerk of the Court to re-open the case. The court also ordered plaintiff to file and serve, within thirty days, an amended pretrial statement along with any motions necessary to obtain the attendance of witnesses at the trial in this action. The court cautioned plaintiff that any failure to comply with that order would result in a recommendation that this action be dismissed.

**DEFENDANTS' MOTION TO DISMISS AND
PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME**

I. <u>The Parties' Motions</u>

On June 4, 2009, defense counsel filed a motion to dismiss this case on the ground that plaintiff had failed to timely file an amended pretrial statement in accordance with the court's April 30, 2009, order. In that motion, defense counsel argues that the court has granted plaintiff numerous opportunities to file an amended pretrial statement, but that he has once again failed to do so. In opposition to defendants' motion, plaintiff argues that defendants' own

2

actions have prevented him from timely filing an amended pretrial statement. Specifically, plaintiff contends that the defendants assured him in 2005 that his personal and legal property would transfer with him from the Solano County Jail to San Quentin State Prison. However, according to plaintiff, jail officials actually sent his property to his family in Dallas, Texas. Plaintiff is currently incarcerated at Pelican Bay State Prison and he contends that he still does not have access to his personal and legal property. He claims that prison officials at Pelican Bay will not allow him to receive incoming packages from personal correspondents, so he has been unable to acquire thirteen boxes of his legal materials from his family. In reply, defense counsel contends that plaintiff has had more than three years to obtain his thirteen boxes of legal materials and repeats that the court has given him more than enough time over the course of this case to file an amended pretrial statement.

On the same day defense counsel filed the pending motion to dismiss, plaintiff filed a motion for an extension of time to file an amended pretrial statement in light of his alleged inability to acquire his legal property from his family. In opposition to plaintiff's motion, defense counsel reiterates that plaintiff has had years to determine how to obtain his necessary legal materials, but again has waited until the last minute to file a request for an extension of time instead. Defense counsel contends that the defendants are being extremely prejudiced by plaintiff's repeated failure to comply with court orders. In this regard, defense counsel notes that the alleged incident giving rise to this case occurred now more than eight years ago. In reply, plaintiff repeats that the defendants' actions have prevented him from timely filing an amended pretrial statement because prison officials failed to pack his legal property and transfer it with him to San Quentin State Prison.

II. Discussion

Although plaintiff has failed to timely file an amended pretrial statement once more, this court is conscious of the Ninth Circuit's previous ruling in this case that plaintiff's inability to access his legal materials could have prevented him from filing an amended pretrial

3

statement and could constitute extraordinary circumstances beyond his control. In addition, in lieu of filing his amended pretrial statement in accordance with the court's order, plaintiff did timely file a motion for an extension of time to file his amended pretrial statement.

Under these circumstances, the court will deny defendants' motion to dismiss without prejudice and grant plaintiff one final sixty-day extension of time to file an amended pretrial statement, along with any motions necessary to obtain the attendance of witnesses at trial. The court will also provide plaintiff with a copy of filings in this case that it believes are necessary to allow him to file an amended pretrial statement. Although plaintiff may prefer to review all of his own legal materials before he drafts his amended pretrial statement, he is advised that the court has reviewed Local Rule 281 carefully and determined that the documents accompanying this order are more than adequate to allow him to prepare his amended pretrial statement. In addition, plaintiff is advised that, as a practical matter, a pretrial statement assists the court in drafting its final pretrial order and in outlining the scope of trial, including which witnesses the parties may call to testify, which exhibits the parties may offer as evidence, and which discovery documents the parties may use. The court will not be ruling in favor or against plaintiff on the merits of this case in issuing its final pretrial order. Finally, plaintiff is advised that the pretrial order will include a period for the filing of objections by the parties in the event that plaintiff disagrees with any aspect of the court's pretrial order.

The court will also direct the defendants to file their pretrial statement within thirty days of service of plaintiff's amended pretrial statement. In the event that plaintiff fails to timely file an amended pretrial statement, the court will issue findings and recommendations, recommending dismissal of this action with prejudice due to plaintiff's failure to prosecute the action. The court is providing plaintiff with sufficient time and the necessary materials to prepare his amended pretrial statement. Plaintiff is strongly cautioned that this court shares defense counsel's frustration with the lengthy delays in this case. The court will not entertain any further motions for extensions of time or any additional excuses from plaintiff. Nor will this

court allow plaintiff to exploit his pro se incarcerated status to justify any failure to meet deadlines set by the court. Finally, the court will not accept plaintiff's repeated attempts to blame the defendants for any predicament with respect to his alleged lack of access to voluminous materials in that are now allegedly in the possession of his family. Plaintiff has been aware of this issue for several years and has had ample time to address it. Finally, plaintiff is reminded that he has a duty to diligently prosecute this action.

**PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND PLAINTIFF'S MOTION TO HOLD THESE PROCEEDINGS IN ABEYANCE**

I. Plaintiff's Motions

Also pending before the court are plaintiff's motion for appointment of counsel and, alternatively, his motion to hold these proceedings in abeyance for three months to allow his family adequate time to send him his legal materials piece by piece. In the motions, plaintiff reiterates that he does not have access to his legal materials with respect to this case because officials at Pelican Bay State Prison will not allow him to receive incoming packages from personal correspondents. Plaintiff alleges that prison officials have informed him that he must hire an attorney to send him his legal documents. However, according to plaintiff, his family has been unable to retain an attorney for this purpose.

II. Discussion

As noted above, the court will provide plaintiff with copies of the filings he needs to prepare his amended pretrial statement as well as additional time in which to draft that statement. Therefore, the appointment of counsel and a stay of this case are unwarranted. Moreover, as plaintiff is well aware, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).
/////

Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

## PLAINTIFF'S MOTION TO RE-OPEN DISCOVERY

I. Plaintiff's Motion

Finally, plaintiff has filed a motion to re-open discovery. In the motion, plaintiff argues that because he is unable to obtain the legal documents he believes necessary to prepare an amended pretrial statement, he needs the court to re-open discovery for the sole purpose of allowing him to obtain from the defendants copies of various filings in this case, including his complaint, defendants' answer, and the dispositive motions previously ruled on by the court. In opposition to plaintiff's motion, defense counsel argues that plaintiff has not shown good cause to belatedly re-open discovery in this very old action. Counsel argues that plaintiff does not seek to discover any new evidence but rather seeks to re-discover documents defense counsel already provided to him in 2004 and 2005.

II. Discussion

The court will deny plaintiff's motion to re-open discovery for purposes of obtaining documents from the defendants to assist him in preparing his amended pretrial statement. Under the court's scheduling order, discovery closed in this case over five years ago, on November 5, 2004. In the absence of good cause, the court will not modify the scheduling order. See Fed. R. Civ. P. 16(f); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08

(9th Cir. 1992). Again, the court will provide plaintiff with copies of the filings necessary to prepare his amended pretrial statement. Accordingly, the court does not find good cause to modify the scheduling order and will deny plaintiff's motion to re-open discovery.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendants' June 4, 2009 motion for dismissal (Doc. No. 504) is denied without prejudice;

2. Plaintiff's June 4, 2009 motion for an extension of time (Doc. No. 505) is granted. Plaintiff is granted a final sixty days from the date of service of this order to file an amended pretrial statement, along with any motions necessary to obtain the attendance of witnesses at trial. No further extensions of time will be granted for this purpose. Defendants are directed to file their pretrial statement within thirty days of service of plaintiff's amended pretrial statement. In the event that plaintiff fails to timely file an amended pretrial statement, the court will issue findings and recommendations, recommending dismissal of this action with prejudice due to plaintiff's failure to prosecute this action;

3. Plaintiff's July 2, 2009 motion for appointment of counsel (Doc. No. 509) is denied;

4. Plaintiff's July 2, 2009 motion to hold these proceedings in abeyance (Doc. No. 510) is denied;

5. Plaintiff's October 19, 2009 motion to re-open discovery (Doc. No. 514) is denied; and

6. The Clerk of the Court is directed to send plaintiff a copy of the following documents: Local Rules of Court 281, 282, and 283; plaintiff's original complaint (Doc. No. 1); defendants' answer (Doc. No. 8); the court's scheduling order (Doc. No. 20); the undersigned's February 23, 2005 findings and recommendations, recommending denying defendants' motion to dismiss, granting defendant Headley's motion for summary judgment, and granting defendant

Spadaro's motion for summary judgment (Doc. No. 267); the assigned district judge's March 24, 2005 order adopting the findings and recommendations in full (Doc. No. 288); the undersigned's March 21, 2005 order, concerning discovery and evidentiary matters (Doc. No. 287); the undersigned's August 17, 2005 findings and recommendations, recommending defendant Cueva's motion for summary judgment be granted in part, defendant Putnam's motion for summary judgment be granted in part, defendant Johnson's motion for summary judgment be granted in part, defendant Gray's motion for summary judgment be granted in part, defendant Eakin's motion for summary judgment be granted in part, defendant C. Bidou's motion for summary judgment be granted in part, defendant Wakabayashi's motion for summary judgment be denied, defendant James' motion for summary judgment be granted in part, defendant Davis' motion for summary judgment be granted, defendant M. Bidou's motion for summary judgment be granted in part, and defendant Marsh's motion for summary judgment be granted in part (Doc. No. 450); the assigned district judge's September 21, 2005 order adopting the findings and recommendations in full (Doc. No. 452); plaintiff's initial, albeit deficient, pretrial statement (Doc. No. 454); and the undersigned's November 15, 2005 order, requiring plaintiff to file an amended pretrial statement, along with any motions necessary to obtain the attendance of witnesses at trial (Doc. No. 460).

DATED: February 8, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
nesb2243.mots