1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT H. NESBITT JR.,

11          Plaintiff,                    No.  CIV S-03-2243 MCE DAD P

12      vs.

13   NEIL WAKABAYSHI, et al.,

14          Defendants.              ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983.  Several motions filed by the parties are pending before the court.

18                        **PROCEDURAL HISTORY**

19          On April 20, 2006, the assigned district judge in this case dismissed this action

20   with prejudice in light of plaintiff's second failure to timely file an amended pretrial statement

21   and his failure to prosecute this action.  On the same day, the case was closed.  On April 30,

22   2007, plaintiff filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure,

23   claiming that he did not have access to his personal and legal property after he was transferred

24   from the Solano County Jail to San Quentin State Prison and then again to Pelican Bay State

25   Prison, and that as a result he was unable to prepare and timely file his amended pretrial

26   statement.  On June 21, 2007, the court denied plaintiff's motion.  Plaintiff appealed, and on

1

1   January 15, 2009, the United States Court of Appeals for the Ninth Circuit affirmed in part and

2   vacated in part this court's order denying plaintiff's motion for relief under Rule 60(b) .  The

3   Ninth Circuit remanded the case for reconsideration of whether plaintiff was entitled to relief

4   under the catch-all provision of Rule 60(b)(6).

5               Specifically, the Ninth Circuit noted that this court denied plaintiff's motion

6   because he had been provided several opportunities to comply with the court's order to file a

7   pretrial statement before he was transferred from the Solano County Jail to San Quentin State

8   Prison but failed to do so.  However, the Ninth Circuit explained that the relevant inquiry was

9   instead whether plaintiff could have filed his pretrial statement by the court-imposed March 3,

10  2006, deadline.  In the Ninth Circuit's view, plaintiff had alleged that there were circumstances

11  beyond his control that  prevented him from doing so.  Because Rule 60(b)(6) provides for relief

12  on that basis, the Ninth Circuit remanded the case for reconsideration of whether plaintiff was

13  entitled to relief.

14              On April 30, 2009, this court granted plaintiff's motion pursuant to Rule 60(b)(6)

15  and ordered the Clerk of the Court to re-open the case.  The court also ordered plaintiff to file

16  and serve, within thirty days, an amended pretrial statement along with any motions necessary to

17  obtain the attendance of witnesses at the trial in this action.  The court cautioned plaintiff that any

18  failure to comply with that order would result in a recommendation that this action be dismissed.

19  **DEFENDANTS' MOTION TO DISMISS AND**
    **PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME**

20

21  I.  The Parties' Motions

22              On June 4, 2009, defense counsel filed a motion to dismiss this case on the ground

23  that plaintiff had failed to timely file an amended pretrial statement in accordance with the

24  court's April 30, 2009, order.  In that motion, defense counsel argues that the court has granted

25  plaintiff numerous opportunities to file an amended pretrial statement, but that he has once again

26  failed to do so.  In opposition to defendants' motion, plaintiff argues that defendants' own

1   actions have prevented him from timely filing an amended pretrial statement.  Specifically,

2   plaintiff contends that the defendants assured him in 2005 that his personal and legal property

3   would transfer with him from the Solano County Jail to San Quentin State Prison.  However,

4   according to plaintiff, jail officials actually sent his property to his family in Dallas, Texas.

5   Plaintiff is currently incarcerated at Pelican Bay State Prison and he contends that he still does

6   not have access to his personal and legal property.  He claims that prison officials at Pelican Bay

7   will not allow him to receive incoming packages from personal correspondents, so he has been

8   unable to acquire thirteen boxes of his legal materials from his family.  In reply, defense counsel

9   contends that plaintiff has had more than three years to obtain his thirteen boxes of legal

10  materials and repeats that the court has given him more than enough time over the course of this

11  case to file an amended pretrial statement.

12          On the same day defense counsel filed the pending motion to dismiss, plaintiff

13  filed a motion for an extension of time to file an amended pretrial statement in light of his alleged

14  inability to acquire his legal property from his family.  In opposition to plaintiff's motion,

15  defense counsel reiterates that plaintiff has had years to determine how to obtain his necessary

16  legal materials, but again has waited until the last minute to file a request for an extension of time

17  instead.  Defense counsel contends that the defendants are being extremely prejudiced by

18  plaintiff's repeated failure to comply with court orders.  In this regard, defense counsel notes that

19  the alleged incident giving rise to this case occurred now more than eight years ago.  In reply,

20  plaintiff repeats that the defendants' actions have prevented him from timely filing an amended

21  pretrial statement because prison officials failed to pack his legal property and transfer it with

22  him to San Quentin State Prison.

23  II.  Discussion

24          Although plaintiff has failed to timely file an amended pretrial statement once

25  more, this court is conscious of the Ninth Circuit's previous ruling in this case that plaintiff's

26  inability to access his legal materials could have prevented him from filing an amended pretrial

1   statement and could constitute extraordinary circumstances beyond his control.  In addition, in

2   lieu of filing his amended pretrial statement in accordance with the court's order, plaintiff did

3   timely file a motion for an extension of time to file his amended pretrial statement.

4           Under these circumstances, the court will deny defendants' motion to dismiss

5   without prejudice and grant plaintiff one final sixty-day extension of time to file an amended

6   pretrial statement, along with any motions necessary to obtain the attendance of witnesses at trial.

7   The court will also provide plaintiff with a copy of filings in this case that it believes are

8   necessary to allow him to file an amended pretrial statement.  Although plaintiff may prefer to

9   review all of his own legal materials before he drafts his amended pretrial statement, he is

10   advised that the court has reviewed Local Rule 281 carefully and determined that the documents

11   accompanying this order are more than adequate to allow him to prepare his amended pretrial

12   statement.  In addition, plaintiff is advised that, as a practical matter, a pretrial statement assists

13   the court in drafting its final pretrial order and in outlining the scope of trial, including which

14   witnesses the parties may call to testify, which exhibits the parties may offer as evidence, and

15   which discovery documents the parties may use.  The court will not be ruling in favor or against

16   plaintiff on the merits of this case in issuing its final pretrial order.  Finally, plaintiff is advised

17   that the pretrial order will include a period for the filing of objections by the parties in the event

18   that plaintiff disagrees with any aspect of the court's pretrial order.

19           The court will also direct the defendants to file their pretrial statement within

20   thirty days of service of plaintiff's amended pretrial statement.  In the event that plaintiff fails to

21   timely file an amended pretrial statement, the court will issue findings and recommendations,

22   recommending dismissal of this action with prejudice due to plaintiff's failure to prosecute the

23   action.  The court is providing plaintiff with sufficient time and the necessary materials to

24   prepare his amended pretrial statement.  Plaintiff is strongly cautioned that this court shares

25   defense counsel's frustration with the lengthy delays in this case.  The court will not entertain any

26   further motions for extensions of time or any additional excuses from plaintiff.  Nor will this

1    court allow plaintiff to exploit his pro se incarcerated status to justify any failure to meet

2    deadlines set by the court.  Finally, the court will not accept plaintiff's repeated attempts to blame

3    the defendants for any predicament with respect to his alleged lack of access to voluminous

4    materials in that are now allegedly in the possession of his family.   Plaintiff has been aware of

5    this issue for several years and has had ample time to address it.  Finally, plaintiff is reminded

6    that he has a duty to diligently prosecute this action.

**PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND**
**PLAINTIFF'S MOTION TO HOLD THESE PROCEEDINGS IN ABEYANCE**

9    I. Plaintiff's Motions

10            Also pending before the court are plaintiff's motion for appointment of counsel

11   and, alternatively, his motion to hold these proceedings in abeyance for three months to allow his

12   family adequate time to send him his legal materials piece by piece.  In the motions, plaintiff

13   reiterates that he does not have access to his legal materials with respect to this case because

14   officials at Pelican Bay State Prison will not allow him to receive incoming packages from

15   personal correspondents.  Plaintiff alleges that prison officials have informed him that he must

16   hire an attorney to send him his legal documents.  However, according to plaintiff, his family has

17   been unable to retain an attorney for this purpose.

18   II. Discussion

19            As noted above, the court will provide plaintiff with copies of the filings he needs

20   to prepare his amended pretrial statement as well as additional time in which to draft that

21   statement.  Therefore, the appointment of counsel and a stay of this case are unwarranted.

22   Moreover, as plaintiff is well aware, the United States Supreme Court has ruled that district

23   courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard

24   v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the

25   district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).

26   /////

1   Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332,

2   1335-36 (9th Cir. 1990).

3          The test for exceptional circumstances requires the court to evaluate the plaintiff's

4   likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

5   light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

6   1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

7   common to most prisoners, such as lack of legal education and limited law library access, do not

8   establish exceptional circumstances that would warrant a request for voluntary assistance of

9   counsel.  In the present case, the court does not find the required exceptional circumstances.

10                    **PLAINTIFF'S MOTION TO RE-OPEN DISCOVERY**

11  I.  Plaintiff's Motion

12          Finally, plaintiff has filed a motion to re-open discovery.  In the motion, plaintiff

13  argues that because he is unable to obtain the legal documents he believes necessary to prepare

14  an amended pretrial statement, he needs the court to re-open discovery for the sole purpose of

15  allowing him to obtain from the defendants copies of various filings in this case, including his

16  complaint, defendants' answer, and the dispositive motions previously ruled on by the court.  In

17  opposition to plaintiff's motion, defense counsel argues that plaintiff has not shown good cause

18  to belatedly re-open discovery in this very old action.  Counsel argues that plaintiff does not seek

19  to discover any new evidence but rather seeks to re-discover documents defense counsel already

20  provided to him in 2004 and 2005.

21  II.  Discussion

22          The court will deny plaintiff's motion to re-open discovery for purposes of

23  obtaining documents from the defendants to assist him in preparing his amended pretrial

24  statement.  Under the court's scheduling order, discovery closed in this case over five years ago,

25  on November 5, 2004.  In the absence of good cause, the court will not modify the scheduling

26  order.  See Fed. R. Civ. P. 16(f); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08

1  (9th Cir. 1992). Again, the court will provide plaintiff with copies of the filings necessary to

2  prepare his amended pretrial statement. Accordingly, the court does not find good cause to

3  modify the scheduling order and will deny plaintiff's motion to re-open discovery.

4                                       **CONCLUSION**

5          For the reasons set forth above, IT IS HEREBY ORDERED that:

6          1. Defendants' June 4, 2009 motion for dismissal (Doc. No. 504) is denied

7  without prejudice;

8          2. Plaintiff's June 4, 2009 motion for an extension of time (Doc. No. 505) is

9  granted. Plaintiff is granted a final sixty days from the date of service of this order to file an

10  amended pretrial statement, along with any motions necessary to obtain the attendance of

11  witnesses at trial. No further extensions of time will be granted for this purpose. Defendants are

12  directed to file their pretrial statement within thirty days of service of plaintiff's amended pretrial

13  statement. In the event that plaintiff fails to timely file an amended pretrial statement, the court

14  will issue findings and recommendations, recommending dismissal of this action with prejudice

15  due to plaintiff's failure to prosecute this action;

16          3. Plaintiff's July 2, 2009 motion for appointment of counsel (Doc. No. 509) is

17  denied;

18          4. Plaintiff's July 2, 2009 motion to hold these proceedings in abeyance (Doc.

19  No. 510) is denied;

20          5. Plaintiff's October 19, 2009 motion to re-open discovery (Doc. No. 514) is

21  denied; and

22          6. The Clerk of the Court is directed to send plaintiff a copy of the following

23  documents: Local Rules of Court 281, 282, and 283; plaintiff's original complaint (Doc. No. 1);

24  defendants' answer (Doc. No. 8); the court's scheduling order (Doc. No. 20); the undersigned's

25  February 23, 2005 findings and recommendations, recommending denying defendants' motion to

26  dismiss, granting defendant Headley's motion for summary judgment, and granting defendant

1   Spadaro's motion for summary judgment (Doc. No. 267); the assigned district judge's March 24,

2   2005 order adopting the findings and recommendations in full (Doc. No. 288); the undersigned's

3   March 21, 2005 order, concerning discovery and evidentiary matters (Doc. No. 287); the

4   undersigned's August 17, 2005 findings and recommendations, recommending defendant

5   Cueva's motion for summary judgment be granted in part, defendant Putnam's motion for

6   summary judgment be granted in part, defendant Johnson's motion for summary judgment be

7   granted in part, defendant Gray's motion for summary judgment be granted in part, defendant

8   Eakin's motion for summary judgment be granted in part, defendant C. Bidou's motion for

9   summary judgment be granted in part, defendant Wakabayashi's motion for summary judgment

10  be denied, defendant James' motion for summary judgment be granted in part, defendant Davis'

11  motion for summary judgment be granted, defendant M. Bidou's motion for summary judgment

12  be granted in part, and defendant Marsh's motion for summary judgment be granted in part (Doc.

13  No. 450); the assigned district judge's September 21, 2005 order adopting the findings and

14  recommendations in full (Doc. No. 452); plaintiff's initial, albeit deficient, pretrial statement

15  (Doc. No. 454); and the undersigned's November 15, 2005 order, requiring plaintiff to file an

16  amended pretrial statement, along with any motions necessary to obtain the attendance of

17  witnesses at trial (Doc. No. 460).

18  DATED: February 8, 2010.

19

20  _____

21  DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

22  DAD:9
    nesb2243.mots

23

24

25

26